| **Nunez v City of New York** |
|:---:|
| 2024 NY Slip Op 31018(U) |
| March 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 117678/2009 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DENISE M DOMINGUEZ

*Justice*

PRESENT:          35

-------------------------------------------------------------------X

ROBERTINA NUNEZ

Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Defendants

-------------------------------------------------------------------X

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF ENVIRONMENTAL PROTECTION

Third- Party Plaintiffs,

-v-

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.

Third Party Defendants.

-------------------------------------------------------------------X

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.

Second Third- Party Plaintiffs,

-v-

NEW YORK CITY TRANSIT AUTHORITY and
METROPOLITAN TRANSPORTATION AUTHORITY

Second Third Party Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 117678/2009 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595907/2021

The following e-filed documents, listed by NYSCEF document number (Motion 003) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for                    DISMISS                    .

For the reasons that follow, Second Third Party Defendants, NEW YORK CITY TRANSIT

AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY's (Transit) motion to

dismiss the Second Third Party Complaint is granted.

117678/2009   ROBERTINA NUNEZ vs. CITY OF NEW YORK
Motion No. 003

Page 1 of 5

1 of 5

*Background and Procedural History*

This personal injury matter arises out of a December 24, 2008 incident wherein Plaintiff ROBERTINA NUNEZ, alleges that she fell due to a defective sidewalk/curb condition near a bus stop at 3397 Broadway in Manhattan (NYSCEF Doc. 44).

On or about December 17, 2009, Plaintiff's commenced this action by filing the summons and complaint against Defendants, the CITY OF NEW YORK (City), NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION (DEP) and TRANSIT (NYSCEF Doc. 42).

Nearly seven year later, a request for a Preliminary Conference with the court was filed on October 7, 2016 and the conference was held on December 7, 2016 (NYSCEF Doc. 42). Counsels during oral arguments before this Court did not explain such delay. The Court however notes that this matter was not deemed abandoned. Nor was any motion filed by Defendants to dismiss for failure to prosecute. Further, it was not until August 13, 2020 that part of the papers in the action were converted to electronic filing.

By Decision and Order by Sokoloff J, dated September 28, 2017, Transit's summary judgment motion was granted. Therein, it was held that TRANSIT had established its *prima facie* burden in showing that it did not own, operate, maintain, manage or control the area where the accident allegedly occurred. In support, Transit submitted an affidavit from one of it architects, attesting that based upon a search of it records, and a review of Plaintiff's notice of claim, including the photograph annexed to same, TRANSIT did not own, maintain, operate or control the sidewalk/curb in front of 3397 Broadway, the alleged accident location (NYSCEF Doc. 47). The decision was not appealed.

On March 1, 2021, over 11 years after this matter was commenced, over four years after the Preliminary Conference was held, and nearly three and a half years after TRANSIT was dismissed from the action, Defendants CITY and DEP commenced a third-party action against

**117678/2009   ROBERTINA NUNEZ vs. CITY OF NEW YORK**
**Motion No. 003**

Page 2 of 5

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. (CON ED) for contribution, common-law indemnification, and contractual indemnification (NYSCEF Doc. 4).

Third Party Defendant, CON ED then on October 5, 2021, commenced a Second Third-Party action against TRANSIT seeking contribution and common-law indemnification on the basis that TRANSIT was negligent in properly maintaining a manhole cover (NYSCEF Doc. 12).

TRANSIT then timely moved to dismiss (Motion Seq. 2). Following oral arguments on Motion Seq. 2, the motion was denied with leave to refile upon all pleadings, motion papers and orders being fully converted to e-filing.

TRANSIT now again in Motion Seq. 3 moves by notice of motion to dismiss the Second Third-Party Compliant pursuant to CPLR 3211(a)(7) for failure to state a cause of action and pursuant to 3211(a)(5) based upon *res judicata*. Con Ed and Plaintiff oppose.

## *Discussion*

In deciding a motion to dismiss for a failure to state a cause of action pursuant to CPLR 3211(a)(7), initially, the sole criteria to consider is whether the pleading state a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law (*Guggenheimer v. Ginzburg*, 43 NY2d 268 [1977]; *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 NY3d 169 [2021]; *Leon v. Martinez*, 84 NY2d 83 [1994]). Further, when evidentiary material is considered, the criteria is whether the proponent of the pleading has a cause of action, not whether he has stated one (*Guggenheimer*).

Here, Con ED's third Party Action against TRANSIT is based not on Plaintiff's theory that TRANSIT was negligent based on ownership and maintaining the sidewalk but rather on the basis that TRANSIT was negligent in properly maintaining a manhole cover.

Upon review of the court file, a defective manhole theory as to the cause of Plaintiff's accident emerges for the first time, after over 11 years of litigation in Plaintiff's June 24, 2021 bill of particulars

**117678/2009 ROBERTINA NUNEZ vs. CITY OF NEW YORK**
Motion No. 003

**Page 3 of 5**

(NYSCEF Doc. 34). Significantly, no transcript, affidavit or marked photo was submitted showing that the condition which caused Plaintiff to trip and fall concerned a manhole cover or was adjacent to a manhole cover or otherwise involved a manhole cover.

Further based on Plaintiff's notice of claim (NYSCEF Doc. 45), complaint (NYSCEF Doc. 42) and Plaintiff's initial October 7, 2016 bill of particulars (NYSCEF Doc. 42), she allegedly suffered injuries due to tripping and falling on a dangerous condition on the sidewalk/curb that consisted of a broken, raised, depressed trap-like condition with missing pieces and imbedded snow and ice as she walked along the sidewalk near 3397 Broadway. Also, Plaintiff's claims against TRANSIT were based on negligence of its ownership, operation, management, maintenance and control of the sidewalk/curb.

Accordingly, even giving CON ED and Plaintiff the most favorable inferences and accepting their affidavits that TRANSIT may have owned the alleged manhole cover on the date of Plaintiff's alleged accident, there is no credible evidence showing that Plaintiff's accident was caused by any defective in the manhole (see *Guggenheimer*, 43 NY2d 268; *Leon*, 84 NY2d 83).

Thus, as CON ED's contribution and common-law indemnification claims hinge on TRANSIT's alleged negligence, and as TRANSIT cannot be found negligent as TRANSIT did not own, operate, maintain, manage or control the sidewalk and curb where this accident occurred, and as it is pure speculation to assert TRANSIT owned and/or controlled a manhole cover *which may have been involved* in Plaintiff's accident, any viable causes of action against TRANSIT fail.

As this Court has found that CON ED cannot substantiate a cause of action for contribution or common law indemnification premises upon TRANSIT's negligence, dismissal pursuant to CPLR 3211(a)(7) is warranted. Further this Court does not reach the branch of TRANSIT's motion seeking dismissal pursuant to CPLR 3211(a)(5).

It is hereby

117678/2009 ROBERTINA NUNEZ vs. CITY OF NEW YORK
Motion No. 003

Page 4 of 5

[* 4]

ORDERED that Defendants NEW YORK CITY TRANSIT AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY's motion to dismiss the Second Third-Party complaint is granted; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for Defendants NEW YORK CITY TRANSIT AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY shall serve a copy of this order with notice of entry upon all parties within 30 days, and upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the *court's website*).

| | | | |
|---|---|---|---|
| **3/13/2024** | | **DENISE M DOMINGUEZ, J.S.C.** | |
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

117678/2009   ROBERTINA NUNEZ vs. CITY OF NEW YORK
Motion No. 003

Page 5 of 5